# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:99cr91 |
| | § | (Judge Crone) |
| JERRITH LEE KEMP (11) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 23, 2014, to determine whether Defendant violated his supervised release.

On June 9, 2000, Defendant was sentenced by the Honorable Paul Brown to one hundred and forty-eight (148) months' custody followed by four (4) years of supervised release for the offense of Conspiracy to Possess with Intent to Deliver Cocaine Base. On December 28, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On January 7, 2014, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated several mandatory conditions. Violation allegation two was dismissed by the Government. The petition also alleged violation of the following condition: the defendant shall not commit another federal, state, or local crime.

The petition alleges that Defendant committed the following acts with regard to the remaining violation: (1) On January 13, 2010, Defendant was issued a citation for Driving with an Expired Driver's License. On January 25, 2010, in Case No. 210986 before the Justice of the Peace in Precinct 1 of Grayson County, Texas, Defendant entered a plea of Nolo Contedere, paid a fine of $20, and the case was dismissed; (2) On November 26, 2012, Defendant was issued a citation by the

Texas Department of Public Safety for Driving While License Invalid. On August 28, 2013, in Case No. 220434 in the Justice Court, Precinct 1, of Grayson County, Texas, Defendant was found guilty of committing this offense and ordered to pay a fine and court costs in the amount of $430; (3) On February 20, 2013, Defendant was arrested by the Melissa, Texas, Police Department and charged with Driving While License Invalid. On February 25, 2013, in Melissa Municipal Court Docket No. 983757-1, Defendant was assessed a fine and court costs in the amount of $368; (4) On May 2, 2013, Defendant was issued a citation for Driving While License Invalid. On October 31, 2013, in Case No. 01-TR-13-02707 of the Justice of the Peace Precinct 1 of Collin County, Texas, Defendant was found guilty of this offense and given credit for time served; (5) On August 16, 2013, Defendant was arrested by the Sherman, Texas, Police Department and charged with Driving While Licence Invalid with Previous Suspensions. On December 13, 2013, Defendant entered a guilty plea in Case No. 2013-2-1328 in the County Court at Law #2 for Grayson County, Texas, given credit for 3 days time served, and assessed fines and fees in the amount of $1,004; (6) On October 30, 2013, Defendant was arrested by the Melissa, Texas, Police Department and charged with Driving While License Invalid. He was subsequently released on a personal recognizance bond. As of this writing, this charge remains pending; and (7) On or about August 25, 2011, Defendant was arrested by the Sherman, Texas, Police Department and charged with possession fo a dangerous drug. During a routine traffic stop, Defendant gave the officer permission to search his vehicle. In the driver side door the officer noticed a black plastic canister and inside found one Levitra pill and two Viagra pills. Defendant did not have a prescription for either drug and was placed under arrest. Defendant was released on a $1,500 bond. On March 26, 2012, Defendant pleaded guilty to this offense and was sentenced to 3 days' jail as well as a $1,500 fine.

Prior to the Government putting on its case, Defendant entered a plea of true to the remaining

violation.

## RECOMMENDATION

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months with no supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 27th day of January, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE